IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

JAVIER OCHOA CANALES            §
                               §
VS.                            §            C.A. NO. C-00-396
                               §
DOUG DRETKE                     §

## MEMORANDUM AND RECOMMENDATION
## TO DENY PETITIONER'S RULE 60(b) MOTION

Pending is petitioner's motion for relief from judgment pursuant to Rule 60(b), Fed. R. Civ.

P.  DE #36.  For the reasons stated herein, it is recommended that the motion be denied.

## I.  BACKGROUND

On October 4, 2000, Texas state prisoner Javier Ochoa Canales ("Canales") filed a § 2254

petition for habeas corpus relief challenging as unconstitutional his 1994 conviction for aggravated

sexual assault on numerous grounds including insufficient evidence and ineffective assistance of

counsel.  DE #1.  On March 28, 2001, it was recommended that Canales' petition be dismissed for

failure to exhaust state court remedies because his petition was "mixed," containing both exhausted

and unexhausted claims.  DE # 27.  Canales filed objections to the recommendation, DE #28, and by

order and final judgment entered April 19, 2001, the Court adopted the recommendation and dismissed

Canales' petition without prejudice for failure to exhaust.  DE #28, #29.

On October 17, 2001, Canales moved for reinstatement of his habeas corpus petition arguing

that he had exhausted his state court remedies.  DE #31.  On October 21, 2001, it was recommended

that Canales' motion be denied because Canales was not prohibited from filing a new petition.  DE

#33.  Over Canales' objections, DE #34, on November 21, 2004, the Court adopted the

recommendation and denied Canales' motion to reinstate his habeas corpus petition.

On December 26, 2002, Canales filed a second habeas corpus petition, Civil Action No. C-02-

564.  On June 19, 2003, it was recommended that his second petition be dismissed as time barred

pursuant to 28 U.S.C. § 2244(d)(1).  See C.A. No. C-02-564 at DE #29.  By order and final judgment

entered September 18, 2003, Canales' second federal petition was dismissed as time barred.  See

C.A. No. C-02-564 at DE #42, #43.  On appeal, the Fifth Circuit affirmed the dismissal of Canales'

second federal petition as time barred.  Id. at DE #52.  Canales' petition for writ of certiorari was

denied.  Id. at DE #58.

On April 25, 2005, Canales filed the instant motion for relief from judgment.  DE #36.

## II.  DISCUSSION

Fed. R. Civ. P. Rule 60(b) sets out five specific bases for granting relief from a final judgment:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud,

misrepresentation or misconduct of an adverse party; (4) the judgment is void and (5) satisfaction,

discharge or release of the judgment.  Fed. R. Civ. P. 60(b)(1)-(5).  In addition, Rule 60(b)(6)

provides that a court may relieve a party from a final judgment for "any other reason justifying relief

from the operation of the judgment."  Fed. R. Civ. P. 60(b)(6).  This "any other reason" clause is a

"grand reservoir of equitable power" to do justice in a case when relief is not warranted by the five

enumerated grounds; relief will be granted only if "extraordinary circumstances" are present.  Batts

v. Tow-Motor Forklift Co., 66 F.3d 743, 747 (5th Cir. 1995) (citations omitted).  Rule 60(b) is not

to be used as a substitute or alternative to appeal.  Hill v. McDermott, Inc., 827 F.2d 1040, 1042 (5th

Cir. 1987).  Such a motion must be made within one year after entry of judgment for reasons (1), (2),

and (3), and otherwise, within a reasonable time.  FED. R. CIV. P. 60(b).

Filed over four years after the entry of final judgment, to the extent Canales seeks relief based

on reasons (1), (2), or (3), his request is untimely.  Moreover, Canales fails to allege any  specific

Rule 60(b) grounds for relief.  He does not claim that he is entitled to relief based on mistake,

inadvertence, surprise or excusable neglect under subsection (1), Fed. R. Civ. P. 60(b)(1),  nor does

he argue that there exists any newly discovered evidence  that might justify a new trial under

subsection (2), Fed. R. Civ. P. 60(b)(2).  He has not alleged fraud under subsection (3), Fed. R. Civ.

P. 60(b)(3), nor that the judgment is void based on lack of jurisdiction or denial of due process so as

to justify relief under subsection (4).  Fed. R. Civ. P. 60(b)(4).  <u>See</u>  <u>Carter v. Fenner</u>, 136 F.3d 1000,

1006 (5th Cir. 1998)(judgment is void only if the court that rendered it lacked jurisdiction of the

subject matter, or of the parties, or it acted in a manner inconsistent with due process of law).  He

does not in any way rely on subsection (5) to support his motion for relief from judgment, Fed. R. Civ.

P. 60(b)(5).

Similarly, Canales fails to establish that he is entitled to relief under the "any other reason"

clause.  Fed. R. Civ. P. 60(b)(6).  Courts have found few narrowly-defined situations that clearly

present "other reasons justifying relief."  For example, courts have used Rule 60(b)(6) to return the

parties to status quo where one party has failed to comply with a settlement agreement, where fraud

not covered by subsection (3) is present, or when the losing party fails to receive notice of entry of

judgment in time to file an appeal.  See discussion and citations in 11 Charles Alan Wright, et al.

<u>Federal Practice and Procedure</u> § 2864 (2d ed. 1995).  The courts have declined to use Rule 60(b)(6)

based on a change in federal law.  <u>See e.g.</u> <u>Bailey v. Stevedoring Co.</u>, 894 F.2d 157, 160 (5th Cir.

1990) (even a change in federal law does not constitute extraordinary circumstances).  Canales points

to no "extraordinary circumstances" necessary to warrant relief under Rule 60(b)(6).

Moreover, in considering the timeliness of Canales' second federal petition, the Court utilized

the dates most favorable to Canales and also granted him equitable tolling.  See C.A. No. C-02-564

at DE #42.  First, the Court found that Canales' 1994 conviction was not final until January 4, 2000.

<u>Id</u>.  at p. 5. In reaching this decision, the Court necessarily found that Canales' attorney had failed to

3

advise him that his conviction had been affirmed and  that Canales was not required to determine independently the outcome of his appeal.  Id.  The Texas Court of Criminal Appeals denied his out-of-time PDR on October 6, 1999, and Canales then had ninety days to file a writ of certiorari.  Supreme Court Rule 13.1.  Id.  He did not file one, and his conviction became final on January 4, 2000.  Id.  Canales thus had one-year from January 4, 2000, or until January 4, 2001 to timely file his federal petition, plus any applicable tolling.  Id.  at p. 6.  The Court found that Canales was entitled to tolling while his first federal petition was pending, from October 4, 2000, to April 19, 2001.  Id.  With the additional 92 days, Canales' second petition was due, at the latest, on July 20, 2001.  Canales' second petition, deemed filed on December 24, 2002, was over 16 months too late.  Id.

In his motion to reconsider, Canales now argues that his first federal petition should not have been dismissed for failure to exhaust because there is an absence of available state corrective processes.  DE #36 at 4.  He claims that the state court can only consider legal, and not factual claims, such that he could not raise his ineffective assistance of counsel claims in his state writ.  As such, Canales argues, the Court erred in dismissing his mixed petition because he had no remedy  in state court.

Canales' argument is without merit.  Generally, a claim addressed and rejected on the merits in a direct appeal is not cognizable on habeas corpus.  Ex parte Torres, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997).  However, if an appellant's issues on direct appeal have not been addressed on the merits, they may be resubmitted via an application for writ of habeas corpus, including claims of ineffective assistance of counsel.  Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).  The state corrective process is adequate.  Moreover,  even if Canales' first federal petition had not been dismissed for failure to exhaust, it was untimely.  See C.A. No. C-02-564 at DE #42, p. 5, n. 3.  Canales is not entitled to Rule 60(b) relief.

4

## III.  RECOMMENDATION

Canales failed to demonstrate that he is entitled to relief from judgment, and it is recommended that his motion (D.E. 36) be denied.

Respectfully submitted this 4th day of May, 2005.


B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).