UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JAVIER OCHOA CANALES § | |
| § | |
| v. § | C.A. NO. C-00-396 |
| § | |
| DOUG DRETKE § | |

**MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S RULE 60(b) MOTION FOR RELIEF FROM JUDGMENT, DENYING PETITIONER'S MOTION TO SUPPLEMENT PETITIONER'S OBJECTIONS, AND DENYING PETITIONER'S MOTION TO CORRECT**

On May 4, 2005, the United States Magistrate Judge filed her Memorandum and Recommendation in this cause (D.E. 37).[1] Petitioner's objections were timely filed (D.E. 39). The Court has also reviewed both petitioner's Motion to Supplement Petitioner's Objection to Magistrate's Recommendation (D.E. 40) and Petitioner's Motion to Correct Prior Motions (D.E. 41). In his objections, petitioner argues that the Court should grant his motion for relief from judgment because of a defect in the state corrective process. Specifically, petitioner argues that his legal claims could not be presented to the state court after his first federal petition was dismissed for failure to exhaust. This argument is without merit.

---

[1] In relating the procedural history of this case, the Magistrate Judge's Memorandum and Recommendation states that Canales moved to reinstate his habeas petition on October 17, 2001, that it was recommended that Canales' motion be denied on October 21, 2001, and that this Court adopted the recommendation to deny Canales' motion on November 21, 2004. Those dates are incorrect. Canales moved to reinstate his habeas petition on October 17, 2002 (D.E. 31), the Magistrate Judge recommended that Canales' motion be denied on October 31, 2002 (D.E. 33), and this Court adopted the Magistrate Judge's recommendation on November 19, 2002 (D.E. 35).

Petitioner also argues for the first time in his objections that final judgment should be set aside under Fed. R. Civ. P. 60(b)(5), which permits a court to grant relief from final judgment when "the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." "By its terms, this subsection of Rule 60 authorizes relief where conditions have changed such that continued enforcement of the judgment is inequitable." *Valentine Sugars, Inc. v. Sudan*, 34 F.3d 320, 322 (5thCir. 1994). The Fifth Circuit has held that for Rule 60(b)(5) to operate "caution, substantial change, unforeseenness, oppressive hardship, and a clear showing are the requirements." *Roberts v. St. Regis Paper Co.*, 653 F.2d 166, 173 (5th Cir. 1981) (*quoting Humble Oil & Refining Co. v. American Oil Co.*, 405 F.2d 803, 813 (8th Cir.1969)). Petitioner has failed to allege circumstances that would warrant application of Rule 60(b)(5).

Having reviewed *de novo* the Magistrate Judge's Memorandum and Recommendation and the pleadings on file, and having found petitioner's objections to be without merit, this Court adopts as its own the findings and conclusions of the Magistrate Judge.

Accordingly, petitioner's Rule 60(b) Motion for Relief from Judgment (D.E. 36) is

denied, petitioner's Motion to Supplement Petitioner's Objection (D.E. 40) is denied, and petitioner's Motion to Correct (D.E. 41) is denied.

ORDERED this   31   day of   January  , 2006.

_____
HAYDEN HEAD
CHIEF JUDGE