IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAVIER OCHOA CANALES, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | C.A. NO. C-00-396 |
| | § | |
| DOUG DRETKE, Director TDCJ-CID, | § | |
| Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DENY PETITIONER'S RULE 60(b) MOTION**

Five years after entry of final judgment (D.E. 30), and twenty-five days after petitioner's first motion for relief from judgment was denied, petitioner filed this second motion for relief from final judgment (D.E. 43). For the reasons stated herein, it is recommended that the motion be denied.

**I. BACKGROUND**

On October 4, 2000, Texas state prisoner Javier Ochoa Canales ("Canales") filed a § 2254 petition for habeas corpus relief challenging as unconstitutional his 1994 conviction for aggravated sexual assault on numerous grounds including insufficient evidence and ineffective assistance of counsel. DE #1. On March 28, 2001, it was recommended that Canales' petition be dismissed for failure to exhaust state court remedies because his petition was "mixed," containing both exhausted and unexhausted claims. DE # 27. Canales filed objections to the recommendation, DE #28, and by order and final judgment entered April 19, 2001, the Court adopted the recommendation and dismissed Canales' petition without prejudice for failure to exhaust. DE #28, #29.

On October 17, 2001, Canales moved for reinstatement of his habeas corpus petition arguing that he had exhausted his state court remedies. DE #31. On October 21, 2001, it was recommended

that Canales' motion be denied because Canales was not prohibited from filing a new petition. DE #33. Over Canales' objections, DE #34, on November 21, 2004, the Court adopted the recommendation and denied Canales' motion to reinstate his habeas corpus petition.

On December 26, 2002, Canales filed a second habeas corpus petition, Civil Action No. C-02-564. On June 19, 2003, it was recommended that his second petition be dismissed as time barred pursuant to 28 U.S.C. § 2244(d)(1). See C.A. No. C-02-564 at DE #29. By order and final judgment entered September 18, 2003, Canales' second federal petition was dismissed as time barred. See C.A. No. C-02-564 at DE #42, #43. On appeal, the Fifth Circuit affirmed the dismissal of Canales' second federal petition as time barred. Id. at DE #52. Canales' petition for writ of certiorari was denied. Id. at DE #58.

On April 25, 2005, Canales filed a motion for relief from judgment. DE #36. The motion was denied on January 31, 2006. DE#42. Notice of Appeal was filed March 1, 2006. DE#44. On February 24, 2006, petitioner filed this second motion for relief from final judgment. DE#43.

## II. DISCUSSION

A motion which challenges a prior judgment on the merits is treated either as a motion to alter or amend the judgment under Rule 59(e) or a motion for relief from judgment under Rule 60(b). Ford v. Elsbury, 32 F.3d 931, 937 n. 7 (5th Cir. 1994). If the motion is filed within ten days of entry of judgment the motion falls under Rule 59(e). Id. If it is filed after that, it falls under Rule 60(b). Id. Because petitioner's motion was filed more than ten days after entry of final judgment, the motion will be treated as a motion for relief from judgment pursuant to FED. R. CIV. P. 60(b).

In his latest motion petitioner argues that the judgment dismissing his petition for failure to exhaust is void. FED. R. CIV. P. 60(b)(4). A judgment is void only if the court lacked jurisdiction

over the subject matter or the parties, or it acted in a manner inconsistent with due process of law. Carter v. Fenner, 136 F.3d 1000, 1006 (5th Cir. 1998). Petitioner does not contend that the district court lacked jurisdiction over the subject matter or the parties, but he does argue that his due process rights were violated when the district court refused to address the merits of his petition. D.E.#43 @ p. 3. But where, as here, it was petitioner's own failure to follow the law and procedure regarding exhaustion, the judgment is not void. Carter, 136 F.3d at 1006. Petitioner's argument fails.

Petitioner also argues that the final judgment is void because it violates the Equal Protection Clause of the Constitution. Petitioner contends that the judgment treats similarly situated habeas petitions filed on time differently – the merits of the fully exhausted timely petitions are addressed, while the merits of the petitions not fully exhausted are not addressed. In support of his argument petitioner cites Logan v. Zimmerman Brush Co., 455 U.S. 422, 102 S.Ct. 1148 (1982). Logan involved the Supreme Court's reversal of the dismissal of a timely filed charge of unlawful termination where the state Fair Employment Practices Commission failed to hold a timely hearing. In that case it was the Commission, the adjudicative body, which failed to comply with procedures, resulting in a dismissal of a claim due to no fault of the claimant. Logan was decided on due process, not equal protection, grounds. Logan, 102 S.Ct. 1157-59. Moreover, the Logan court specifically noted that the state may erect reasonable procedural requirements for triggering the right to an adjudication, 102 S.Ct. at 1158; so Logan would not apply where it is the petitioner, not the adjudicative body, who is at fault for failing to fully exhaust. Petitioner's argument fails.

Finally, petitioner's disagreement with the judgment of the District Court does not entitle him to relief, and he is not permitted to use Rule 60(b) as a substitute for failure to timely file an appeal. Hess v. Cockrell, 281 F.3d 212, 216 (5th Cir. 2002) (citations omitted).

### III. **RECOMMENDATION**

Canales failed to demonstrate that he is entitled to relief from judgment, and it is recommended that his motion (D.E. 43) be denied.

Respectfully submitted this 12th day of April, 2006.

                                        B. JANICE ELLINGTON
                                        UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).